UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOSE DELEON, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| v. | |
| WORLD OMNI FINANCIAL CORP. AND RAPID RECOVERY AGENCY, INC., | |
| Defendants. | |
| _____/ | |

## NATURE OF ACTION

1. Plaintiff Jose Deleon brings this action against World Omni Financial Corp. ("WOFC") and Rapid Recovery Agency, Inc. ("RRA") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, as well as Florida common law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this

1

district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in Davenport, Florida.

5. WOFC is a bank that purchases consumer paper in the form of automobile loans.

6. WOFC is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(6).

7. RRA is a Florida corporation that does business in Florida.

8. RRA at all relevant times was acting as a repossession agent acting at the behest of WOFC.

9. At all relevant times, RRA was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

10. RRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. RRA is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

12. Prior to July 21, 2023, Plaintiff's sister, Amanda Feliciano, purchased a vehicle from a non-party.

13. Upon information and belief, Ms. Feliciano financed the purchase of her vehicle.

14. Upon information and belief, in connection with the transaction, Ms. Feliciano executed a Retail Installment Sales Contract, which was subsequently assigned to WOFC.

15. Upon information and belief, WOFC obtained a security interest in the Vehicle as part of the transaction.

16. On or before July 20, 2023, WOFC hired RRA to repossess Ms. Feliciano's vehicle.

17. During the early hours of July 21, 2023, RRA went to Plaintiff's home to repossess Ms. Feliciano's vehicle.

18. At that time, Ms. Feliciano's vehicle was parked at Plaintiff's home, in the driveway, and ahead of Plaintiff's vehicle—a 2021 Kia Forte.

19. RRA then took possession of Plaintiff's vehicle and dumped it down the street.

20. In doing so, RRA damaged Plaintiff's vehicle.

21. At the time RRA took possession of Plaintiff's vehicle, it had no right to do so.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## RRA

22. Florida law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Fla. Stat § 679.609(2)(b).

23. A repossession agent breaches the peace if he damages non-collateral property during a repossession.

24. By damaging Plaintiff's property during its repossession, RRA breached the peace.

25. A repossession agent breaches the peace if he uses force to effect a repossession.

26. By taking possession of Plaintiff's vehicle and moving it down the street, RRA used force to effect its repossession and breached the peace.

27. A repossession agent's breach of the peace negates a right to possession.

28. Once RRA breached the peace, they lost the right to continue its repossession.

29. RRA violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of property where the property was exempt by law from such dispossession or no right to immediate possession existed.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RRA violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF FLA. STAT. § 559.72
## ALL DEFENDANTS

30. Florida law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Fla. Stat § 679.609(2)(b).

31. A repossession agent breaches the peace if he damages non-collateral property during a repossession.

32. By damaging Plaintiff's property during its repossession, RRA breached the peace.

33. A repossession agent breaches the peace if it uses force to effect a repossession.

34. By taking possession of Plaintiff's vehicle and moving it down the street, RRA used force to effect its repossession and breached the peace.

35. A repossession agent's breach of the peace negates a right to possession.

36. Once RRA breached the peace, it lost the right to continue its repossession.

37. RRA violated Fla. Stat. § 559.72(2) by using force or violence when it took possession of Plaintiff's vehicle and moved it down the street, damaging it in the process.

38. RRA violated Fla. Stat. § 559.72(9) by asserting the existence of a legal right it knew not to exist when it took possession of Plaintiff's vehicle, moved it down the street, and damaged it.

39. As the debt collector and secured party that hired RRA, WOFC is liable for RRA's violation of the FCCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RRA violated Fla. Stat. § 559.72(2);

b) Adjudging that RRA violated Fla. Stat. § 559.72(9);

c) Adjudging that WOFC is liable for RRA's violation of the FCCPA;

d) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

e) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining RRA from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

h) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

i) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## TRESPASS TO CHATTEL
## ALL DEFENDANTS

40. During the early hours of July 21, 2023, RRA went to Plaintiff's home to repossess Ms. Feliciano's vehicle.

41. At that time, Ms. Feliciano's vehicle was parked at Plaintiff's home, in the driveway, and ahead of Plaintiff's vehicle—a 2021 Kia Forte.

42. RRA then took possession of Plaintiff's vehicle and dumped it down the street.

43. In doing so, RRA damaged Plaintiff's vehicle.

44. By unlawfully moving and damaging his vehicle, RRA intentionally used or interfered with a chattel which is in the possession of another, without justification.

45. As the secured party that retained RRA to repossess Ms. Feliciano's vehicle, WOFC is liable for RRA's trespass. *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RRA is liable for trespass to chattel;

b) Adjudging that WOFC is liable for RRA's trespass;

c) Awarding Plaintiff actual damages;

d) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 768.72;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT IV
### NEGLIGENCE
### ALL DEFENDANTS

46. In connection with repossessing Ms. Feliciano's vehicle, RRA owed Plaintiff a duty of care.

47. RRA further owed Plaintiff a duty to desist from a repossessions that cannot be completed without damaging third parties' property.

48. During the early hours of July 21, 2023, RRA went to Plaintiff's home to repossess Ms. Feliciano's vehicle.

49. At that time, Ms. Feliciano's vehicle was parked at Plaintiff's home, in the driveway, and ahead of Plaintiff's vehicle—a 2021 Kia Forte.

50. RRA then took possession of Plaintiff's vehicle and dumped it down the street.

51. In doing so, RRA damaged Plaintiff's vehicle.

52. By unlawfully moving and damaging Plaintiff's vehicle, RRA breached its duties to Plaintiff.

53. RRA's breach of its duty caused damage to Plaintiff's vehicle.

54. RRA had actual knowledge that it was unlawful to take possession of Plaintiff's vehicle and dump it down the street.

55. Additionally, RRA knew or should have known that the manner in which it lifted Plaintiff's Vehicle involved a substantial and unjustifiable risk of damage to the Vehicle.

56. RRA's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to Plaintiff's rights.

57. As the secured party that retained RRA to repossess Ms. Feliciano's vehicle, WOFC is liable for RRA's negligence. *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RRA is liable for negligence;

b) Adjudging that WOFC is liable for RRA's negligence;

c) Awarding Plaintiff actual damages;

d) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 768.72;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

65. Plaintiff is entitled to and hereby demand a trial by jury.

Dated: February 26, 2024.

                    Respectfully submitted,

                    <u>/s/ Alex D. Weisberg</u>
                    Alex D. Weisberg
                    FBN: 0566551
                    Weisberg Consumer Law Group, PA
                    Attorneys for Plaintiff
                    5846 S. Flamingo Rd, Ste. 290
                    Cooper City, FL 33330
                    (954) 212-2184
                    (866) 577-0963 fax
                    aweisberg@afclaw.com

                    Correspondence address:
                    Thompson Consumer Law Group, PC
                    11445 E Via Linda, Ste. 2 #492
                    Scottsdale, AZ 85259